UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MOHAN A. HARIHAR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 20-12293-IT |
| | * | |
| JEANNE D'ARC CREDIT UNION, et al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

April 26, 2021

TALWANI, D.J.

*Pro se* Plaintiff Mohan A. Harihar has filed a Complaint [#1] against Jeanne D'Arc

Credit Union ("JDCU") and its outside counsel, Attorney Sandra Boulay. Harihar has also filed a

Motion for Leave to Proceed *in Forma Pauperis* [#2], a Motion for Leave to File Electronically

[#3], and a Motion to Appoint Counsel [#4]. For the reasons set forth below, the court will grant

the motions for leave to proceed *in forma pauperis* and to file electronically, order Harihar to file

an amended complaint if he seeks to proceed with this action, and deny without prejudice the

motion for counsel.

**I.      Motion for Leave to Proceed *in Forma Pauperis***

Upon review of the Motion for Leave to Proceed *in Forma Pauperis* [#2], the court

concludes that Harihar has adequately demonstrated he is without income or assets to pay the

filing fee. Accordingly, the motion is GRANTED.

**II.      Review of the Complaint**

Because Harihar proceeding *in forma pauperis*, the court may conduct a preliminary

review of his complaint and dismiss an action even before summonses have issued if the court

determines that the complaint fails to state a claim upon which relief may be granted. *See* 28

U.S.C. § 1915(e)(2). The court construes Harihar's pleading liberally because he is proceeding

*pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### A.    Harihar's Allegations and Claims for Relief

Harihar alleges that the Defendants violated the Fair Debt Collection Practices Act, 15

U.S.C. §§ 1692-1692p ("FDCPA"), for "a period of approximately 10 years." Compl. at 4.

Harihar also claims that the Defendants are liable for breach of contract, false advertising,

defamation, bad faith, unlawful conversion, racketeering, and fraud on the court. *Id.* at 3.

However, Harihar does not allege any specific incidents of misconduct by the defendants.

Rather, he asserts that, "[t]hrough Discovery and the review of Court transcripts, [he] will supply

fact-based documents that evidence" the Defendants' illegal conduct. *Id.* at 4. Harihar also states

that his breach of contract claims are "evidenced by the formal letter delivered via email on

October 6, 2020 . . . and ignored (See Attachment A)." *Id.* The attached email from Harihar to

Boulay explains Harihar's claims as follows:

1. <u>False Advertisement</u> – because parties are not practicing justice but a monetized securities exchange.
2. <u>Libel</u> – because parties are damaging [Harihar's] name, reputation and the ability to settle by jailing.
3. <u>Unlawful Conversion</u> – of [Harihar's] guaranteed rights in exchange of benefits and privilege and unlawful conversion of the protections afforded you when gold and silver is the republic form of money, for thir party Diversity in the capacity of a living soul.
4. <u>Bad Fair Actions</u> – Since JDCU and counsel consciously chose to ignore at least one (1) resolution to existing legal issues . . . and instead conspired to cause Mr. Harihar incremental, unnecessary hardship and damages for nearly a decade.
5. <u>Fraud on the Court</u> – A thorough review of all transcripts will reveal that JDCU and their counsel have purposefully attempted to deceive the Lowell District Court. . . .

Exhibit 2 [1-2]. Harihar also attached to the complaint additional documents [#1-2] consisting of

(1) an October 22, 2020 email from Harihar to the Massachusetts Insurance Commissioner in

which Harihar states that the Defendants failed to provide proof they had contacted their insurers

on his behalf; (3) a November 11, 2020 complaint by Harihar to the Board of Bar Overseers of

the Supreme Judicial Court concerning Boulay's conduct in JDCU's supplementary process

action against him, *Jeanne D'Arc Credit Union v. Harihar*, 1211SP000442 (Lowell Dist. Ct.,

Mass.) [1]; and (4) a November 11, 2020 demand letter, delivered as an email, to Boulay and

JDCU.

    In addition to requesting damages, Harihar "seeks indictments brought by Federal

Prosecutors for related criminal and professional violations of record." Compl. at 5. He further

"seeks to re-open, remove and transfer to Federal Court the original MA State complaint brought

by the Defendant-JDCU, as the Plaintiff has (in GOOD FAITH) proposed a legal remedy for the

repayment of the original debt (Ref. JDCU v. Mohan A. Harihar, Docket No1011CV003908

Lowell District Court)." *Id.*

    **B.    Discussion**

        **1.    Failure to Identify Defendant's Alleged Misconduct**

    To state a claim upon which relief may be granted, a complaint must include "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is

---

[1] The Court takes judicial notice of the relevant state court proceedings. *See Kowalski v. Gagne,* 914 F.2d 299, 305 (1st Cir.1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."). According to the docket of this case, judgment was entered against Harihar on March 29, 2011 in the amount of $16,246.80. The docket also indicates that, in October 2020, Harihar sought to have the case reopened and assert a counterclaim against JDCU. The court denied this request in November 2020. JDCU's supplementary process action against Harihar to collect the March 29, 2011 judgment appears to be ongoing. *See Jeanne D'Arc Credit Union v. Harihar*, 1211SP000442 (Lowell Dist. Ct., Mass.).

and the grounds upon which it rests." *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006)

(quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004));

*see also Martinez v. Petrenko*, 792 F.3d 173, 179 (1st Cir. 2015) (stating that the "fundamental

purpose" of pleading requirements "is to protect a defendant's inalienable right to know in

advance the nature of the cause of action being asserted against him." (quoting *Ruiz Rivera v.

Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008))). This means the statement of the claim

must "at least set forth minimal facts as to who did what to whom, when, where, and why."

*Calvi*, 470 F.3d at 430 (quoting *Educadores*, 367 F.3d at 68).

The plaintiff's obligation to provide the grounds of his claim "requires more than labels

and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint

must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* In other words, a plaintiff who brings claims for unfair

debt collection practices or breach of contract must allege specific facts, which, taken as true,

permit the court to reasonably infer that the defendant did engage in unlawful debt collection

practices or is liable for breach of contract. Further, these alleged facts must be set forth in a

"plain" manner that permits the reader to understand the claim without having to scour exhibits

to locate relevant information. While a litigant is permitted to attach exhibits to a complaint,

exhibits are not a substitute for setting forth with clarity in the body of the complaint the salient

factual allegations.

Here, Harihar's claims against the defendants are conclusory because Harihar does not

set forth specific factual allegations from which the Court may infer that the defendants are liable

to him. Instead, Harihar states that, through discovery, he will provide "evidence" of his claims. This prediction is not, however, a substitute for providing factual allegations from which the Court may reasonably infer that the JDCU and Bouley are liable for breach of contract, violating the FDCPA, or the other causes of actions asserted by Harihar. Further, a complaint does not require the submission of evidence. Rather, the complaint must, in a short and plain fashion, identify a defendant's acts of alleged misconduct.[2]

### 2.    Breach of Contract Claim

To the extent that Harihar's claim for breach of contract can be construed as arising from Defendants' alleged failure to report Harihar's counterclaim against them to their insurers, the claim fails. Even if the contracts between Defendants and their insurers required the Defendants to inform their insurers of a counterclaim against them, the Defendants' alleged breach of this requirement does not give rise to a claim of breach of contract by Harihar. Nothing in Harihar's filing suggests that he was an intended beneficiary to any such contracts. *See Miller v. Money*, 431 Mass. 57, 61-62 (2000) (limiting "enforcement [of contracts] by beneficiaries to those who are *intended* beneficiaries").

### 3.    Request for Removal of State Court Case

Harihar's request to have *Jeanne D'Arc Credit Union v.* Harihar, 1011CV003908 (Lowell Dist. Ct., Mass.), reopened and removed to this court does not provide any basis for relief. Not only has Harihar offered no basis for this court's removal jurisdiction, but the removal

---

[2] Even though evidence is not required at the pleading stage, by signing a complaint or other document filed with the Court, a *pro se* litigant (or an attorney) certifies that, to the best of that person's "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," "allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

period has long expired. A defendant seeking to remove an action must file a notice of removal, in the federal district court "containing a short and plain statement of the grounds for removal," and must do so "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(a), (b). In addition, the state court case cannot be removed because it is closed.

### 4.    Request for Indictments

Finally, the court notes that a federal court indictment is an act of prosecution that may only be carried out by the executive branch of the federal government, rather than the judicial branch of the federal government. Further, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

### C.    Filing of an Amended Complaint

If Harihar wishes to pursue this action, he must file an amended complaint in which he clearly sets out his claims. Harihar is not required to use a form complaint. Whether he uses the form complaint or prepares his own pleading, Harihar must identify specific acts of alleged misconduct by the defendants and when they occurred. The factual allegations must be set forth in numbered paragraphs. *See* Fed. R. Civ. P. 10 (b). Because each numbered paragraph should be "limited as far as practicable to a single set of circumstances," *id.,* it is not unusual for the paragraphs of a pleading to contain only one or two sentences. Harihar must also identify the relief he seeks and indicate whether he is requesting a jury trial. The amended complaint will completely replace the original complaint as the operative pleading, and the court will review the sufficiency of the amended complaint without reference to the original complaint.

Because Harihar has referred to the Defendants' alleged "unfair debt collection practices for a period of approximately 10 years," Compl. at 4, it bears mentioning that that the FDCPA's one-year limitations period, 15 U.S.C. § 1692k(a), "begins to run on the date the alleged violation occurs, not the date on which the violation is discovered," *Rotkiske v. Klemm*, --- U.S. --, 140 S. Ct. 355, 358 (2019). Further, a "continuing violation" theory of claim accrual does not apply to actions under the FDCPA. *See Jodway v. Orlans, PC*, 759 Fed. App'x 374, 379-80 (6th Cir. 2018); *Gajewski v. Ocwen Loan Serv.*, 650 F.3d App'x 283, 286 (7th Cir. 2016); *Shaffhauser v. Citibank (S.D.) N.A.*, 340 Fed. App'x 128, 131 (3d. Cir. 2009) (cited with approval in *Quality Cleaning Products R.C., Inc. v. SCA Tissue North Amer., LLC*, 794 F.3d 200, 206 (1st Cir. 2015)); *McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 911 F. Supp. 2d 1, 46 (D. Mass. 2012).

## III.    Additional Motions

### A.    Motion for Permission to File Electronically

Harihar's motion for leave to file electronically is ALLOWED for this action, subject to Harihar's completion of all training and registration requirements.

### B.    Motion to Appoint Counsel

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). Appointment of counsel for an indigent litigant is only required when exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See id.* As Harihar has not set any claims upon which relief may be granted, the

appointment of counsel is not merited. Accordingly, the motion for appointment of counsel is DENIED without prejudice.

**IV.**    <u>**Conclusion**</u>

In accordance with the foregoing, the Court hereby orders:

1.    The <u>Motion for Leave to Proceed *in Forma Pauperis*</u> [#2] is GRANTED.

2.    The <u>Motion for Leave to File Electronically</u> [#3] is GRANTED.

3.    The <u>Motion to Appoint Counsel</u> [#4] is DENIED without prejudice.

4.    If Harihar wishes to pursue this action, he must, within thirty-five (35) days of the date of this order, file an amended complaint. Failure to comply with this directive may result in dismissal of the action.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　 /s/ Indira Talwani
　　　　　　　　　　　　　　　　United States District Judge

April 26, 2021

8