UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MOHAN A. HARIHAR,                              *
                                               *
        Plaintiff,                            *
                                               *
        v.                                    *     Civil Action No. 20-12293-IT
                                               *
JEANNE D'ARC CREDIT UNION, et al.,             *
                                               *
        Defendants.                           *

MEMORANDUM AND ORDER

June 17, 2021

TALWANI, D.J.

      Now before the court is *pro se* Plaintiff Mohan A. Harihar's Amended Complaint [#9], in

which he claims that the Defendants' efforts to collect a debt from him violate the law. Harihar

filed his amended complaint in response to the court's earlier Memorandum and Order [#6], in

which the court reviewed the original complaint pursuant to 28 U.S.C. § 1915(e)(2) and held that

it failed to state a claim upon which relief may be granted. The primary defect with the original

complaint was that it was largely conclusory with little factual allegations in support thereof. The

court also held that some of Harihar's theories of liability failed as a matter of law.

      For the reasons stated below, the court will allow one claim in the amended pleading to

go forward and dismiss the seven other claims.

## I.    Causes of Action

      Harihar asserts eight causes of action, denoted by letters A through H. In Claim B,

Harihar alleges that the Defendants violated the Fair Debt Collection and Practices Act, 15

U.S.C. §§ 1692-1692p. ("FDCPA"). Without addressing here whether the facts alleged are

sufficient to state a claim, the court will allow this cause of action to be addressed by the

Defendants.

Harihar's seven other claims fail as a matter of law.  In Claim A, Harihar seeks relief on

the theory that the Defendants, "in their effort to collect a debt, have purposefully tried to

deceive the Court under Fed. R. Civ. P. 60(b)(3) – Fraud on the Court." Amend. Compl. at 8.

The rule which Harihar cites is a federal court procedural rule that allows a litigant in federal

court to seek relief from a judgment on the ground that the opposing party in the same litigation

committed fraud, misrepresentation, or engaged in other misconduct. This federal rule of civil

procedure provides neither a separate cause of action nor a basis to seek relief from a state court

judgment.

In Claim C, Harihar claims that the Defendants' alleged misconduct "constitute[es]

Libel/Defamation violations and the intention to cause Emotional Distress under 28 U.S. Code

§ 4101." The statute cited by Harihar sets forth the definitions of "defamation," "domestic

court," "foreign court," "foreign judgment, "state", and "United States person." 28 U.S.C.

§ 4101. These statutory definitions, however, do not create a federal cause of action for

defamation. Rather, the definitions found in 28 U.S.C. § 4101 are part of the Securing the

Protection of our Enduring and Established Constitutional Heritage Act ("SPEECH Act"), 28

U.S.C. §§ 4101-4105. The SPEECH Act limits the enforcement by courts in the United States of

foreign judgments for defamation where the foreign court that imposes the judgment applies law

that provides less protection of freedoms of speech and press than does the First Amendment and

relevant state law. See 28 U.S.C. § 4102; see also Trout Point Lodge, Ltd. v. Handshoe, 729 F.3d

481 (5th Cir. 2013) (holding that the SPEECH Act precluded a court in the United States from

enforcing a defamation-based default judgment issued by a Canadian court because, *inter alia*,

law applied by Canadian court provided less protection of speech and press than the First

Amendment). In addition, the Defendants' statements in court do not give rise to a state law

claim for defamation. Under Massachusetts law, "communications made in the 'institution or

conduct of litigation or in conferences and other communications preliminary to litigation' are

subject to absolute privilege." Frazier v. Bailey, 957 F.2d 920, 932 (1st Cir. 1992) (quoting

Sullivan v. Birmingham, 11 Mass. App. 359 (1981)). The Defendants' alleged statements fall

within this privilege.

In Claim D, Harihar brings a claim under the Racketeer Influenced and Corrupt

Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"). To plead a civil RICO action, a plaintiff

must plead specific, non-conclusory, facts which, if accepted as true, show the existence of four

elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."

DeMauro v. DeMauro, 215 F.3d 1311 (1st Cir. 2000). To plead a "pattern" of "racketeering

activity," a plaintiff must set forth well-pled allegations of conduct violating specified federal or

state statutes. Here, Harihar's amended complaint does not set forth sufficient factual material

from which the court can reasonably infer that the Defendants' alleged actions were the conduct

of an enterprise through a pattern of racketeering activity.

In Claim E, Harihar seeks to hold the Defendants liable under 11 U.S.C. § 548(e)(2)(A)

for fraudulent conversion. This statute concerns fraudulent transfers of property made by a

debtor in a bankruptcy proceeding. It has no relevance to Harihar's allegations.

In Claim F, Harihar alleges that "the Defendants' False statements and deceptive tactics

constitute acts of Bad Faith." Amend. Compl. at 10. While the nature of the Defendants' alleged

misconduct may be relevant to a claim under the FDCPA, a stand-alone claim for "bad faith"

does not exist.

In Claim G, Harihar asserts that there is cause to reopen the state court case and remove it to federal court. In Claim H, Harihar asserts that he is an intended third-party beneficiary of contracts between the Defendants and their insurers. For the reasons already set forth in the court's April 26, 2021 order, both of these claims fail as a matter of law.

## II.      Conclusion

In accordance with the foregoing, the court hereby orders:

1.       Claim A and Claims C-H of the amended complaint are dismissed for failure to state a claim upon which relief may be granted.

2.       Claim B of the amended complaint may go forward at this time, but nothing in this memorandum and order precludes the Defendants from moving for dismissal under Rule 12(b) of the Federal Rules of Civil Procedure.

3.       The Defendants are not required to respond to the "Background and Pending Issues" section of the amended complaint, Amend. Compl. at 2-6, or the exhibits to the amended complaint. These materials are extraneous to Harihar's cause of action under the FDCPA.

4.       No action will be taken on Harihar's Notice [#10]. If Harihar wishes to amend or supplement his amended complaint, he must do so in accordance with Rule 15 of the Federal Rules of Civil Procedure.

5.       The clerk shall issue summonses. Harihar shall serve the summonses, amended complaint, and this order upon the Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

6.       Because Harihar is proceeding *in forma pauperis*, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If so asked by Harihar, the USMS shall serve a copy of the summonses,

amended complaint, and this order upon the Defendants as directed by Harihar. Harihar is responsible for providing the USMS all copies for service and for completing a USM-285 form. The clerk shall provide Harihar with forms and instructions for service by the USMS.

7.      Harihar shall have 90 days from the date of the issuance of the summonses to complete service. Failure to complete service in a timely fashion may result in dismissal of this action without prior notice to Harihar. See Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

June 17, 2021