UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MOHAN A. HARIHAR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:20-cv-12293-IT |
| | * | |
| JEANNE D'ARC CREDIT UNION and | * | |
| SANDRA BOULAY, ESQ., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

November 2, 2021

TALWANI, D.J.

Plaintiff Mohan A. Harihar has two motions pending before this court. See Emergency Motion to Disqualify Judge [#24]; Emergency Motion to Extend Time [#22]. For the reasons set forth herein, both motions are DENIED, and this action is DISMISSED without prejudice.

I.   Emergency Motion to Disqualify Judge [#24]

Plaintiff previously sought a stay of this action and this court's recusal based on accusations he has made against another judge in what he contends is a related case. See Emergency Motion to Stay [#18]; Emergency Motion for Recusal [#20]. The court denied the motions, explaining that the earlier case was closed on March 31, 2018, that the instant case was not filed until December 28, 2020, and that Plaintiff had not stated good cause for the relief requested. Elec. Order [#19], [#21].

Plaintiff's renewed Emergency Motion to Disqualify Judge [#24] asserts that this court has an undisclosed conflict of interest. Plaintiff points to copies of Financial Disclosure Reports for periods that predate the filing of this action, and highlights entities that are not named in the

pending action, which names only Jeanne D'Arc Credit Union and Sandra Boulay, Esq. / Boulay Law Firm LLC. The court again finds no basis for recusal and DENIES the motion.

II.     Emergency Motion to Extend Time

On October 10, 2021, Plaintiff moved for additional time to effect service. Emergency Motion for Extension of Time [#22]. A review of the docket establishes that relief is not warranted.

On June 17, 2021, the court allowed Plaintiff to proceed *in forma pauperis* on Claim B of his Amended Complaint [#9] and issued summonses. Order [#6]; Mem. & Order [#11]; Summonses [#12]. The accompanying Notice to Plaintiff [#12-1] directed Plaintiff to have the United States Marshal Service ("USMS") serve the complaint and informed him that "[u]pon receipt of the enclosed forms, you are required to complete the necessary forms and furnish the United States Marshal with [copies of certain documents and pleadings]." Id. at 1 (emphasis added). Included with the Notice to Plaintiff was a copy of Local Rule 4.1, which explained further that "[a]ny summons not returned with proof that it was served within 90 days of the filing of the complaint is deemed unserved for the purpose of Fed. R. Civ. P. 4(m)." Id. at 2.

On August 29, 2021, Plaintiff filed a Motion to Suspend Proceedings [#13]. On August 31, 2021, the court denied the motion without prejudice where Plaintiff offered no reason not to serve the Defendants within 90 days of service. Elec. Order [#14] (citing Fed. R. Civ. P. 4(m); Local Rule 4.1; and Mem & Order 5 [#11]).

Based on emails submitted with Plaintiff's Emergency Motion [#22], on September 15, 2021, Plaintiff finally provided documents to the USMS for service, with his signed request for service not emailed to the USMS until 11:23 p.m. that evening. E-mails 5, 7 [#22-1].[1] The

---

[1] The e-mail chain is unauthenticated and appears to be missing content. See, e.g., E-mails 4-5 [#22-1] (email from "Stacey" to "Paul" with no From/To header).

USMS attempted service only once, was unsuccessful, and did not make further attempts as "[t]he 90 day window had expired at the point of the first endeavor." Id. at 3.

Meanwhile, on September 24, 2021, the court directed Plaintiff to show cause no later than October 8, 2021, for not serving the complaint within 90 days of the issuance of summonses. Order to Show Cause [#17]. Plaintiff did not respond by October 8, 2021, despite the court's order.

On October 10, 2021, Plaintiff moved for additional time to effect service, asserting that the USMS "has failed to timely deliver the summonses to Defendants" and that Plaintiff didn't learn that service had not been completed until October 7, 2021. Emergency Motion 2-3 [#22]. The court took Plaintiff's request for more time under advisement and gave him until October 27, 2021, to show cause for not forwarding the service documents to the USMS upon his receipt in June 2021. Reissued Order to Show Cause [#23]. Rather than comply with the court's order and provide an explanation for his delay [#23], Plaintiff filed the Motion to Disqualify Judge [#24] discussed above.

Under Federal Rule of Civil Procedure 4(m):

> [i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate time.

Here, Plaintiff did not serve the Defendants by September 15, 2021, that is, within 90 days as required by the Rule. Accordingly, the court considers whether Plaintiff has shown good cause for the failure.

In his motion for additional time, Plaintiff blames the USMS for not effecting service in one day and for not immediately alerting him to the issues with service. Emergency Motion 1-2

[#22]. Plaintiff appears to have mistakenly assumed that September 17 rather than September 15, 2021, was the 90th day. See Email from Stacey Croke to Paul Barton, E-mail 4 [#22-1] (Plaintiff informed her that "he needs to show cause to the judge why it was not served by 9/17/2021"). But even excusing a mistake in calculating the end date for service, Plaintiff's complaints about the USMS do not address the fundamental problem here. The 90-day deadline in Rule 4(m) is not for a plaintiff to give forms to the USMS, but for service to have been completed.

Because Plaintiff is proceeding *pro se* and may not have fully understood his service obligations, the court gave Plaintiff an opportunity to provide an explanation for failing to provide the necessary documents to the USMS in a timely manner. Reissued Order to Show Cause [#23]. Plaintiff did not provide any further explanation. On the record before the court, the court finds that Plaintiff's expectation that the USMS should serve process within one day does not meet the standard of good cause.

Accordingly, Plaintiff's Emergency Motion for Extension of Time [#22] is DENIED.

III.   Conclusion

For the forgoing reasons, Plaintiff's Emergency Motion for Extension of Time [#22] and Emergency Motion to Disqualify Judge [#24] are DENIED.

Because Plaintiff has failed to effect service within the required 90-days, and has failed to demonstrate good cause for his failure to timely serve Defendants, this action is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 4(m).

DISMISSAL without prejudice is also warranted where Plaintiff has failed to respond to the court's Order to Show Cause [#17] and Reissued Order to Show Cause [#23].

IT IS SO ORDERED.

November 2, 2021                                       /s/ Indira Talwani
                                                      United States District Judge