UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MOHAN A. HARIHAR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:20-cv-12293-IT |
| | * | |
| JEANNE D'ARC CREDIT UNION and | * | |
| SANDRA BOULAY, ESQ., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

August 8, 2022

TALWANI, D.J.

Plaintiff Mohan A. Harihar has filed an Emergency Motion [Doc. No. 32] in this closed case. For the reasons set forth herein, the motion is DENIED and this action remains closed.

Background

Plaintiff filed this action in December 2020. On November 2, 2021, the court dismissed the action without prejudice pursuant to Fed. R. Civ. P. 4(m) because Plaintiff failed to effect service within the required 90-days and failed to demonstrate good cause for his failure to timely serve Defendants. Mem. & Order 4 [Doc. No. 25]. The court also found that dismissal without prejudice was warranted where Plaintiff failed to respond to the court's Order to Show Cause [Doc. No. 17] and Reissued Order to Show Cause [Doc. No. 23]. Id.

Plaintiff filed a Notice of Appeal [Doc. No. 27], but the First Circuit dismissed the appeal when Plaintiff failed to file his brief on the due date without showing grave cause for failing to do so. Judgment [Doc. No. 30]; see also Mandate [Doc. No. 31].

The July 2022 Motion

Plaintiff asserts that the case should be reopened pursuant to Fed. R. Civ. P. 60(b)(2).

Emergency Motion 1 [Doc. No. 32]. He claims that "new information has surfaced in a related proceeding" provides cause to reopen the case.

Under Rule 60(b)(2), on a timely motion, and on "just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [based on] newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Here, the court cannot tell from Plaintiff's filing the exact nature of the purportedly newly discovered evidence or that such evidence could not have been discovered earlier. In any event, Plaintiff has demonstrated no cause for relief under this Rule, where the dismissal at issue was without prejudice (meaning that Plaintiff is not precluded from filing a new action). Moreover, the reason for the dismissal has not been rectified by the purported discovery of new information, where Defendants were not timely served and the purported evidence has no relationship to Plaintiff's failure to timely serve Defendants.

In Plaintiff's second filing related to this motion, he asserts that the motion should also be granted because Defendants have not opposed his motion. Pl.'s Resp. 1 [Doc. No. 33]. Plaintiff's assertion underscores Plaintiff's misunderstanding of the posture of this case. Plaintiff failed to serve the Defendants, which means they have not been brought before this court. They therefore had no obligation to respond to his motion.

Accordingly, Plaintiff's Emergency Motion [Doc. No. 32] is DENIED. This action remains closed.

IT IS SO ORDERED.

August 8, 2022                                          /s/ Indira Talwani
                                                        United States District Judge